UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             **MEMORANDUM OF LAW**
                                                   Criminal File No. 22-cr-25 (MJD/LIB)

JUSTIN LYLE CUTBANK,

        Defendant.

---

Bradley M. Endicott, Ruth Shnider, Assistant United States Attorneys, Counsel for Plaintiff.

Mark D. Nyvold, CJA Counsel, Counsel for Defendant.

---

## I.     INTRODUCTION

This matter is before the Court on Defendant's Motion in Limine Opposing Government Presenting Testimony Under Fed. R. Evid. 404(b) of Defendant's Alleged Prior Possession of the Firearm Charged or a Similar Firearm.  (Doc. 74.) The Court previously denied Defendant's Motion in an Order dated December 6, 2020.  (Doc. 80.)

## II.    BACKGROUND

The Government has notified Defendant on multiple occasions that it intends to call witnesses at trial who may testify that in the month prior to the charged incident, they saw Defendant in possession of the same or a similar firearm as the one Defendant is charged with possessing in the instant case.

### III.    DISCUSSION

The testimony regarding Defendant's alleged possession of the firearm at issue in the month prior to the instant offense is not subject to Federal Rule of Evidence 404(b). As the Government argues in its opposition to the present motion, this evidence is "intrinsic evidence." (Doc. 79.) The Eighth Circuit has held that "Rule 404(b) applies only to extrinsic evidence." United States v. Buckner, 868 F.3d 684, 688 (8th Cir. 2017). Whereas intrinsic evidence provides a total picture of the charged crime, or tends logically to prove an element of the crime charged, and is subject to testing under regular principles of admissibility. Id. (citations omitted). The evidence at issue here satisfies the Eighth Circuit's definition of intrinsic evidence because evidence that Defendant possessed the same firearm in the weeks and month leading up to his arrest provides context for the charged crime and tends to prove that Defendant possessed the same firearm at the time of his arrest. See also, e.g., United States v. Cook, 842 F.3d

597, 601 (8th Cir. 2016); United States v. Brooks, 715 F.3d 1069, 1076–1077 (8th Cir. 2013); United States v. Wright, 993 F.3d 1054, 1061–1062 (8th Cir. 2021); United States v. Peete, 781 Fed. App'x 427, 433-434 (6th Cir. 2019).

The Court will not, however, admit the evidence at issue under Federal Rule of Evidence 404(b).  Rule 404(b)(1) prohibits propensity evidence.  Rule 404(b)(2), however, provides that evidence of a prior bad act may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  But, as the Government concedes, the defense's theory in this case is that Defendant never possessed the firearm at issue at all.  (Doc. 79 at 7.)  Thus, evidence tending to show that Defendant did not "intend" to possess the firearm at issue, or that he possessed it due to a "mistake" or coincidence, is not relevant to the issues in dispute.  Fed. R. Evid. 404(b).  At this time, therefore, the Court finds that the evidence at issue is not admissible under Rule 404(b).

Dated:  December 8, 2022                s/Michael J. Davis
                                        Michael J. Davis
                                        United States District Court